941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson LOCKLEAR, Defendant-Appellant.
 No. 90-5017.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1991.
Decided Aug. 16, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Richard C. Erwin, Chief District Judge. (CR-89-196-R)
 David Ferris Tamer, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Nelson Locklear seeks review of a district court order entering judgment pursuant to a jury verdict finding him guilty of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), 846. On appeal, Locklear avers that the trial court erred by admitting into evidence allegedly hearsay testimony by government witnesses and that without this improper testimony the evidence was insufficient to withstand his motion for acquittal. We reject these contentions and affirm.
 
 
 2
 Locklear appears to challenge the testimony of Mary Bryant, a coconspirator, regarding her discussions with Timothy Smith, a police informant.* The record, however, discloses that Locklear raised no hearsay objections at trial to Bryant's testimony regarding her discussions with Smith. Any objections Nelson may have had were therefore waived. See United States v. Parodi, 703 F.2d 768 (4th Cir.1983).
 
 
 3
 Even if we were to review the merits of this claim, we reject Locklear's contention that the government failed to provide an adequate foundation for the admission of Bryant's statements by showing, through independent evidence and under a preponderance standard, the existence of a conspiracy and his participation in the conspiracy. See United States v. Leavis, 853 F.2d 215 (4th Cir.1988). Bryant testified that she met with Nelson on June 1, 1989, and agreed to purchase from him a half kilo of cocaine for $14,000. Johnnie Locklear, another coconspirator, testified that on the same day he met with Nelson and agreed to deliver a half kilo of cocaine to Bryant for Nelson in exchange for $500. It was undisputed that later that day Bryant and Johnnie Locklear delivered a half kilo of cocaine to Smith, and both Bryant and Johnnie Locklear testified that they had never discussed drugs between themselves or negotiated for the half kilo in question.
 
 
 4
 We find that this evidence constituted substantial independent evidence of Nelson's involvement in a conspiracy, and therefore conclude that the trial court properly admitted into the record statements of Bryant, a coconspirator, made in furtherance of the conspiracy. See United States v. Rawle, 845 F.2d 1244 (4th Cir.1988). See also Fed.R.Evid. 801(d)(2)(E). In view of the preceding discussion, we further conclude that substantial evidence supports the finding of the jury, and that the trial court therefore properly denied Nelson's motion for acquittal. See United States v. Stockton, 788 F.2d 210 (4th Cir.), cert. denied, 479 U.S. 840 (1986).
 
 
 5
 Accordingly, Locklear's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Locklear does not identify the particular statements from Bryant's testimony which he considers to be impermissible hearsay